May it please the court, my name is Jonathan Salovey representing the appellant Eric Pondelick. I would like to reserve two minutes for rebuttal. This case presents the specter of an individual being forced to undergo the rigors of trial while suffering the extreme pain of an abscessed tooth and a runaway infection. Not only was Mr. Pondelick suffering extreme pain, but he also was disfigured. Indeed, because of the runaway infection his face was swollen and red as recognized by the district court and it's repeatedly noted by defense counsel. When did the district court reference that? What part of the trial was it that the district court actually referenced the swollen sheath? At the close of the government's case it was it was noted the close of the government's case defense counsel noted that. But I'm referring to you mentioned that it was noticeable and and I thought that was the following day. I thought at the end of this case the defense counsel made the statement about the for the first time about the infection. Your honor on ER 347 on 3 p.m. defense counsel stated that Pondelick had finally received antibiotics that day delivered by the deputy marshal. Defense counsel requested that the district court to direct Pondelick that he be taken earlier late in the next day to see a doctor as Pondelick's infection keeps on getting worse as he's in considerable pain. He noted that there was visible swelling and redness on the face of Mr. Pondelick's face. There was no question not only was it noted during the trial proceedings but both defense counsel Mr. Pondelick made it clear that Mr. Pondelick was suffering the extreme pain and had this problem well before the first witness took the witness stand. What do you mean by forced? What's your definition of forced? It looks to me as if this district judge was an extremely sensitive man and it actually looks like he would probably continue the case on client said nope we want to force ahead with it. Now when you say he was forced to do it what do you mean who forced him? I mean by what the United States Supreme Court says. Indeed the United States Supreme Court has stated that inmates are not the captains of their own ship when it comes to their personal health. That's not the question. The question is what do you mean that he was forced to do it when the judge offered amelioration and he said no thank you I'd rather just get on with this case. What how does that play into your definition of force? Mr. Pondelick was given was based on his experience he had no indication that he would receive the adequate medical care that he had requested since two days. The next day he did. The next day of course he did receive it despite what his personal opinion might have been. He did not receive it until there was a series of events the government closed and he didn't receive it until. I understand what happened but he received it the next day. The next day the court said look we'll hold off we'll hold off the jury's determination even we'll just hold things off will you go do it and he says okay and he went on and did it the next day. The day before that the judge was suggesting the same thing and he said no let's get on with this case. He and his lawyers said that. So I just want sort of this force that's a very strange word you use in that sense. Actually it was two days before when the government rested his and the next morning the problem arose again. The first part was kind of at the end of the day right? It was it was at 3 p.m. and then the next day again it the the issue arose again in the morning on the next day. Was that when they reported the following day? And then he then he received the procedure. Was there any testimony between the time that he first brought it to the district court's attention and the time though at 3 51 where the defense attorney says he's interested in getting this done. Was there any testimony between that? There was no no there was no testimony at that point because. So he's alerted at the end of the day the district judge is alerted at the end of the day and the following morning the defendant says through his attorney that he wants to get this done. Actually the district court tasked the government to get it done and it didn't get done. At the close of the government's case on November 30th which was the second. I think Judge Grindel was referring to the trial. During during the part of the trial where the witnesses were testifying no that was not raised. However Mr. Pondelick and defense counsel made it very clear to the district court that the problem had been ongoing throughout the trial. So how did this problem manifest itself at the trial? I mean he refused to testify because he's in such pain. Is that what you're saying? Is that is that the point of your argument? Well there's two reasons. First he's undergoing severe pain. What did that result in? Did he refuse to testify because oh I got such pain I can't speak. Well it's it's disfiguring. So it's disfiguring. What is that result what is the result of that? Well what is the harm Where's the harm? I don't understand your argument at all. The harm is whether or not when a individual makes a critical decision whether or not to take the witness stand. So he was mentally just he just he just couldn't make an intelligent decision about whether or not he wanted to testify? Now is that what your argument is? That decision was not unencumbered a because of his physical. So it was not voluntary then? Not voluntary. So he was not only forced to he was forced not to testify. Is that what your argument is? I don't think the word force is what I would use. What I would say is it was not an unencumbered not an unencumbered decision. It was encumbered by the fact that he a was had a condition that was physical. I thought the district court judge sort of gave him you know admonishments or advisement about you have the right to take the stand if you want you don't have to explained all that to him and then said I knew how to consult with your attorney. That's correct. And he did that. Did he do that? The district court did give that advisement. Did he come back and say well I was in such pain I couldn't consult with my lawyer? What Mr. Pondelix stated on the record was that he was undergoing he was in significant pain and what he made made it clear to the if you'll go to 352 which is when these advised and he makes a confirmation that he's doesn't want to testify. At least I didn't find anything in that colloquy where he made any statement about the abscess tooth impairing his ability to make the judgment. In fact, unless I'm missing it, I don't see anything in there where he's he's complaining of pain at at the time of that he forgoes the right to testify. What he did say your honor was and I'll quote it. This is not to say that I don't think I need medical attention. If I wasn't in the situation I am in, I would be at the emergency room and have them taken care of whatever the problem is. Then the district court judge said I can't quite hear you and the defendant said that's not to say I don't want medical attention. If I wasn't in the situation I am in, I would be at the emergency room getting it taken care of. A real doctor. Not to downgrade the FDC but it has been an ongoing problem since last Wednesday. Last Wednesday was was two days after voir dire and five days before the trial. So what Mr. Pondelix individually expressly said to the court was a I am in so much pain that I would be the emergency room quote-unquote but for the situation I'm in. The situation human he was in that he was referencing is the fact that he had been unable to see a real doctor and right after in the transfer right after he makes the decision says okay I'm willing to go forward. Right after that is when he explains to the court exactly what I quoted to you today. So he is saying this is. Does he make any proffer that he would have otherwise testified and his testimony would have been a B or C and it would have benefited his case? No your honor but I don't believe that's required. I believe what's required is he has a constitutional right to aid in his own defense. Your time is up. Thank you very much. We'll hear from the government. Morning your honors and may it please the court. My name is Michael Morgan. I represent the defendant was in any way compelled or forced to proceed the trial against his will or in in the face of any this disabling pain or anything of that nature. The issue wasn't even raised until the end of the government's case after the third day of trial at the end at the end of the day. It was raised as a housekeeping matter. The court directed the government to do whatever it could do to facilitate some care. The next morning the court makes it makes it very clear on the record that there was a dentist willing and able to afford Mr. Pondolek treatment and Mr. Pondolek affirmatively refused. He made the conscious choice that he wanted to go forward with the trial. The government suggests that that is an affirmative waiver of any claim that that he was in anyway compelled to go forward. Basically he was offered treatment and he refused. He can't be heard now to complain that the district court should have done anything else. I would like to clarify one point for the record. The issue of him being disfigured that actually wasn't even raised until the jury was actually in deliberations. So there's actually no record evidence that he was so disfigured before the jury that it would have been in any way distracting. And finally I would just want to point out that when the defendant was allocuted with respect to his right not to testify, at no point did he say, did he or his attorney say that his decision was in any way impacted by his medical condition. Nor did counsel say that his ability to consult with his client was in any way impacted by his medical condition. So on this record there's simply no basis to, for the defendant to assert that his rights were in any way violated. Unless the court has any further questions. Thank you. Thank you. Thank you, counsel. We appreciate your arguments. The matter is submitted.
judges: Gwin, Fernandez, Paez